# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

ANDRE LEE SCOTT, ADOLFO VERDUGO LOPEZ, and MANUAL ARNULFO BARAJAS,

    Defendants.

Case No. 17-20489
Hon. Terrence G. Berg

**ORDER DENYING DEFENDANTS' MOTIONS FOR REVOCATION OF DETENTION ORDERS (DKTS. 63, 64, 74), DENYING DEFENDANT LOPEZ'S MOTION FOR BILL OF PARTICULARS (DKT. 54) AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTIONS FOR DISCOVERY (DKTS. 57, 60, 68)**

In this criminal case, Defendants Andre Lee Scott, Adolfo Verdugo Lopez, and Manual Arnulfo Barajas are charged with conspiracy to distribute controlled substances, and possession with intent to distribute controlled substances (Dkt. 53). Defendants each filed motions to be released on bond pending trial (Dkts. 63, 64, 74), and motions for additional discovery from the Government (Dkts. 57, 60, 68). Defendant Lopez filed a separate motion for a bill of particulars (Dkt. 54).

The Court heard oral argument on these motions on December 19, 2017. On the morning of the hearing, Defendant Scott filed an additional brief captioned Defendant Scott's memorandum concerning discovery (Dkt. 80). For the reasons stated on the record during the hearing, Defendants' motions to be

released on bond pending trial (Dkts. 63, 64, 74) are all **DENIED**. Furthermore, Defendant Lopez's motion for a bill of particulars (Dkt. 54) is also **DENIED**.

Defendants' motions for discovery (Dkts. 57, 60, 68), however, will be **GRANTED IN PART AND DENIED IN PART**.

As to the specific categories of information Defendants are asking to be produced in Dkts. 57, 60, and 68, the Court is satisfied based on the Government's representations at the hearing and in its written responses that it has generally complied with its discovery obligations at this stage. Consequently, the Defendants' motions (Dkts 57, 60, and 68) are **DENIED IN PART**. However, to the extent that the Government has made different disclosures of agency reports or other discovery materials to each Defendant based on the Government's perception of each Defendant's different role in the conspiracy, and to the extent that Defendants move that all such agency reports and discovery materials that have been disclosed to any Defendant regarding the conspiracy charged in Count I of the First Superseding Indictment should be made available to all Defendants, the motions are **GRANTED IN PART** and the Government shall supplement these disclosures so that each Defendant is provided with the same materials by **January 8, 2018**.

In Defendant Scott's motion for additional discovery (Dkt. 60) and memorandum regarding discovery (Dkt. 80), he argues that the Government should be compelled to produce complete and unredacted copies of certain

investigative reports and affidavits in support of search warrants. The Government has provided only redacted versions of these items because it wishes to protect the identities of persons under the informant privilege. The Court will defer any decision on whether to compel the Government to produce the redacted information until it has had the opportunity to review copies of the redacted and unredacted documents *in camera*. In addition, Defendant Scott has moved to suppress evidence seized from the search warrant (Dkt. 73) that was issued upon the facts alleged in the affidavit which has only been disclosed in redacted form. The Court will decide the question of whether Defendant is entitled to have the redacted information after it reviews the Government's response to the motion to suppress and completes its in camera review of the redacted and unredacted documents. The Government's response is due on or before **January 8, 2018**.

At the hearing, the Court inquired of Government counsel whether the Government intended to present evidence regarding a drug transaction that occurred on March 24, 2017 during its case in chief. This transaction is referenced in the redacted documents but details of the event, including the names of the participants and the quantity of drugs seized, are redacted. Government counsel indicated that she was not certain at this stage whether such evidence pertaining to the March 24, 2017 drug deal would be included in its case in chief. If the events of March 24, 2017 are part of the evidence the Government intends to present at trial in this matter, the Court believes that the redacted information is likely properly discoverable to Defendants because

it concerns names of persons who were participants in and witnesses with knowledge of the events of March 24, 2017. For this reason, the Court encouraged the Government to make its decision as to whether it intends to disclose the redacted information at the same time that it submits its response to the motion to suppress. Defendant Scott is challenging the probable cause for the search warrant, which is set out in the affidavit. If the Government takes the position that the redacted affidavit is sufficient to establish probable cause (even in the absence of the redacted information), it is necessarily relying on an affidavit with fewer facts—and therefore a weaker foundation of probable cause—than would be present in the unredacted affidavit. For this reason also, the Court encouraged the Government to make its decision as to whether it intends to disclose the redacted information at the same time that it submits its response to the motion to suppress. If the Government chooses not to disclose the redacted information when it responds to the motion to suppress, the Government must nevertheless provide notice to the Court and Defendants as to whether it intends to present evidence regarding the March 24, 2017 drug transaction as part of its case in chief.

Finally, Defendants Lopez and Barajas indicated during the hearing that they intend to file additional motions. Any such motions must be filed on or before **January 16, 2018**. The Court will hear oral argument on all pending pretrial motions on **March 8, 2018 at 10:00 a.m.**

4

Trial in this matter was set for January 16, 2018. All parties have requested additional time in light of the pending suppression motion, their requests for additional discovery, and to file additional motions.

The Court will therefore reschedule trial in this matter to **May 8, 2018**. The plea cut-off date is extended to **April 9, 2018**. The Final Pretrial Conference is scheduled for **May 1, 2018 at 10:00 a.m.** Any motions *in limine,* witness lists, exhibit lists, proposed voir dire questions, proposed jury instructions and proposed verdict form will be due by **April 24, 2018**.

The time period from the current trial date of January 16, 2018 to the new trial date of May 8, 2018 shall be deemed excludable delay under the provisions of the Speedy Trial Act, 18 U.S.C. § 3161, because considering the factors listed in § 3161(h)(7)(A), and the reasons given by defense counsel on the record, the Court finds that the ends of justice served by this delay outweigh the best interests of Defendants and the public in a speedy trial.

**SO ORDERED.**

s/Terrence G. Berg  
TERRENCE G. BERG  
UNITED STATES DISTRICT JUDGE

Dated: December 21, 2017

## Certificate of Service

    I hereby certify that this Order was electronically submitted on December 21, 2017, using the CM/ECF system, which will send notification to each party.

                                  s/H. Monda
                                  Case Manager
                                  In the absence of A. Chubb